UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REED ALDEN SIDDOWAY,<br><br>Defendant. | Case No. 1:21-cr-00205-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Defendant Reed Siddoway's objection (Dkt. 69) to the government's notice of intent to use 404(b) evidence (Dkt. 34). The Court will overrule the objection for the reasons given below.

**BACKGROUND**

Mr. Siddoway is charged with possession with intent to distribute methamphetamine and unlawful possession of a firearm and ammunition. Dkt. 30. Count one of the superseding indictment alleges that Mr. Siddoway knowingly and intentionally possessed, with the intent to distribute, more than 50 grams of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Count two of the superseding indictment alleges that Mr. Siddoway knew that he had been

convicted of a crime punishable by imprisonment for a term exceeding one year and knowingly possessed a firearm and ammunition that had been shipped and transported in interstate commerce in violation of 18 U.S.C. § 922(g)(1).

Trial in this matter is set for October 31, 2022. The government filed a notice of intent to use 404(b) evidence related to an instance in which Mr. Siddoway allegedly sold methamphetamine and a firearm in Oregon. Dkt. 34. On November 26, 2019, ATF agents allegedly arranged for a confidential informant to purchase a firearm and about 15 grams of methamphetamine from Mr. Siddoway. The government wants to present testimony about and audio and video recording of that controlled purchase in the upcoming trial.

Although it is not particularly relevant to the 404(b) issue, the Court notes that based on the evidence of the Oregon sale, Mr. Siddoway was indicted in federal court in Oregon. He was initially granted pretrial release, but violated the conditions, and a warrant was issued for his arrest. While that warrant was outstanding, the confidential informant who allegedly made the undercover purchases died. Consequently, federal prosecutors in Oregon later dismissed their case against Mr. Siddoway.

## LEGAL STANDARD

Federal Rule of Evidence 404(b)(1) prohibits using so-called "other act"

MEMORANDUM DECISION AND ORDER - 2

evidence—evidence of crimes, wrongs, or other acts—"to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But other acts evidence may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The rule is one of inclusion and other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity. *See United States v. Green*, 648 F.2d 587, 592 (9th Cir. 1981) (*per curiam*).

The Ninth Circuit applies a four-part test to determine whether evidence is admissible under Rule 404(b). "Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (internal citation omitted). "The government has the burden of proving that the evidence meets all of the above requirements." *Id* (internal citation and quotation omitted). To do so, the government must "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v.*

**MEMORANDUM DECISION AND ORDER - 3**

*Mehrmanesh*, 689 F.2d 822, 830 (9th Cir.1982). Even then, the Court must exclude evidence that meets this test if the prejudicial impact substantially outweighs the probative value, pursuant to Federal Rule of Evidence 403. *Bailey*, 696 F.3d at 799.

## ANALYSIS

At the outset, a word on what is at issue here. Rule 404(b) governs evidence's admissibility based on its *subject*. It does not speak to the evidence's *form*, which must be admissible under the other federal rules of evidence. In his objection, Mr. Siddoway brings up some confrontation clause and foundation issues, which are not fully briefed, nor properly raised. Mr. Siddoway should address those (and any other such evidentiary issues) issues in either a motion in limine or at trial. For now, the Court's inquiry is limited to whether evidence about the Oregon sale generally is admissible under Rule 404(b) and the Ninth Circuit's four-part test.

### A.     Materiality

The government argues that evidence that Mr. Siddoway sold methamphetamine and a firearm during the Oregon sale is relevant to prove his knowledge and intent. The government says the evidence of methamphetamine distribution is relevant to showing Mr. Siddoway's knowledge of the

MEMORANDUM DECISION AND ORDER - 4

methamphetamine found in his truck, his knowledge of the tools of methamphetamine distribution, and his intent to distribute the methamphetamine (as opposed to mere personal use). Dkt. 34 at 4. The government further claims that the combination of the firearm and the methamphetamine is relevant to proving Mr. Siddoway's knowledge of and intent to possess firearms while engaged in drug trafficking activities. *Id* at 5.

The Court agrees. The prior methamphetamine sale is relevant to both Mr. Siddoway's knowledge that the substance in his truck was methamphetamine and whether he had knowledge and intent to distribute it. *See United States v. Arambula-Ruiz*, 987 F.2d 599, 603 (9th Cir. 1993). The prior instance of methamphetamine distribution is also relevant "to show knowing possession of a weapon" because "[f]irearms are known tools of the trade of narcotics dealing." *United States v. Carrasco*, 257 F.3d 1045, 1048 (9th Cir. 2001) (quoting *United States v. Butcher*, 926 F.2d 811, 816 (9th Cir. 1991)). The relevance is bolstered given that the evidence actually shows that Mr. Siddoway previously possessed a weapon while selling methamphetamine.

In addition, the government proposes to offer the evidence to show lack of mistake or accident if Mr. Siddoway claims that he did not possess the firearm or

**MEMORANDUM DECISION AND ORDER - 5**

the drugs.[1] Dkt. 34 at 5. Right again. The evidence would clearly be relevant to rebut any suggestion that Mr. Siddoway possessed the methamphetamine or firearm as the result of a mistake.

### B.     Sufficiency of Evidence

The government meets its burden to prove that the evidence is sufficient to support a finding that Mr. Siddoway in fact engaged in the Oregon sale. *See United States v. Lague*, 971 F.3d 1032, 1040 (9th Cir. 2020) ("[T]he government need only lay a factual foundation from which a jury could reasonably conclude that [the defendant] committed the allegedly-similar bad acts."). The government says it has an audio recording of Mr. Siddoway discussing the sale as well as testimony from the investigators that they found no contraband on the confidential informant before the controlled buy but found a firearm and about 15 grams of methamphetamine after. That satisfies the requisite standard.

In response, Mr. Siddoway does not contest that the government has that evidence. Rather, he "queries" how the government's evidence can meet the sufficiency standard given that the Oregon prosecutors dismissed the charges they

---

[1] The government also suggests that if Mr. Siddoway makes such a claim, the evidence could be used to show "motive, preparation, plan." Dkt. 34 at 5. But the government does not expound on this evidentiary theory, nor does it cite cases to support its assertion. As such, the Court will not admit the evidence on that basis.

**MEMORANDUM DECISION AND ORDER - 6**

brought based on the sale. Dkt. 69 at 3. That argument is foreclosed under Ninth Circuit precedent. *See United States v. Scott*, 767 F.2d 1308, 1311 (9th Cir. 1985) ("There is, however, no requirement that there be a conviction for a prior wrongful act before it becomes admissible under Rule 404(b). There need only exist clear and convincing proof that the defendant committed the act."). Mr. Siddoway's observation that the confidential informant is deceased is similarly unavailing, given that the government's proffered evidence is itself sufficient.

### C.     Remoteness and Similarity

The government can show that the Oregon sale is not too remote in time, because it occurred about 20 months before the alleged crime in this case. *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997).

To the extent that the government will offer evidence of the Oregon sale to show lack of mistake or accident, it does not need to show similarity to the charged crime. Moreover, if the evidence is "offered to prove knowledge . . . the prior act need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence." *United States v. Arambula-Ruiz*, 987 F.2d 599, 603 (9th Cir. 1993) (quoting *United States v. Ramirez-Jiminez,* 967 F.2d 1321, 1326 (9th Cir. 1992)). That requirement is met here because, as discussed

**MEMORANDUM DECISION AND ORDER - 7**

previously, the evidence makes it more likely that Mr. Siddoway knew the substance was methamphetamine and knew he was possessing a firearm.

Insofar as the government offers the evidence to show Mr. Siddoway's intent, it meets its burden to show the Oregon sale is similar to the crimes charged in the superseding indictment. *Id.* The two situations have obvious overarching similarities—both involved methamphetamine and both involved firearms. True, a handgun is not the same as a personally manufactured assault rifle and the Oregon sale involved actual distribution, which is not alleged here. But other act evidence does not need to be identical to meet the similarity requirements. *United States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989). On the whole, the full facts and conduct of the Oregon sale are sufficiently similar to the charged crimes and the evidence is admissible to show intent. *See United States v. Mehrmanesh*, 689 F.2d 822, 832 (9th Cir. 1982) (finding that evidence that the defendant "possessed large quantities of drugs in his home and continued to sell heroin and cocaine before and after his arrest" was similar enough to his charge for "attempt to possess with intent to distribute" because the evidence could lead to the proper inference that the defendant "intended something more than the mere personal use of the heroin").

### D.   Prejudice

Although the Oregon sale evidence meets Rule 404(b)'s test for

**MEMORANDUM DECISION AND ORDER - 8**

admissibility, the Court must nevertheless exclude it under Rule 403 if the prejudicial impact substantially outweighs the probative value.

It seems clear that the evidence at trial will show that when law enforcement pulled Mr. Siddoway over on July 3, 2021, they found methamphetamine and an assault rifle in his truck. The real issue in the case will be whether the government can meet its burden to prove beyond a reasonable doubt that Mr. Siddoway possessed and intended to distribute the methamphetamine and knowingly possessed the rifle and ammunition. For all the reasons discussed previously, the Oregon sale evidence is extremely probative of those issues.

Mr. Siddoway argues that for the same reasons, evidence of the Oregon sale is highly prejudicial. He contends, "[t]he holes in the Government's case, specifically lacking any evidence of a direct sale, cannot be filled by something that is not material to the current crime." Dkt. 69 at 6. Not so. For better or worse, that is precisely what Rule 404(b) is designed to do. The government does not need to prove Mr. Siddoway's knowledge and intent of this crime in a vacuum. Rather, 404(b) expressly allows the government to use evidence from the Oregon sale to prove Mr. Siddoway's knowledge and intent in this case. That is distinct from proving character and, for that matter, distinct from prejudice.

That is not to say there is not *some* prejudice here—404(b) evidence always

**MEMORANDUM DECISION AND ORDER - 9**

comes with a certain degree of prejudice. But the prejudice from the Oregon sale evidence does not substantially outweigh its probative value and can be adequately addressed through instructions. The Court will give Ninth Circuit model jury instructions dealing specifically with 404(b) evidence and instruct the jury that it is only to be considered in determining Mr. Siddoway's knowledge, intent, and lack of mistake.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Objection to the Government's Notice of Intent to Use 404(b) Evidence (Dkt. 69) is **OVERRULED**.

DATED: October 24, 2022

B. Lynn Winmill
U.S. District Court Judge